**In re REGLAN/METOCLOPRAMIDE PRODUCTS LIABILITY LITIGATION.**

**MDL No. 2049.**

United States Judicial Panel on Multidistrict Litigation.

June 3, 2009.

---

---

Before J. FREDERICK MOTZ, Acting Chairman, JOHN G. HEYBURN II, Chairman *, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

**ORDER DENYING TRANSFER**

J. FREDERICK MOTZ, Acting Chairman.

**Before the entire Panel *:** Plaintiffs in ten actions pending in the Western District of Arkansas, Central District of California, Northern District of Georgia, District of Nevada, Eastern District of North Carolina, Western District of Oklahoma, District of South Carolina, Eastern District of Tennessee, and Northern District of Texas (two actions) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Nevada.

This litigation currently consists of those ten actions and an action pending in the District of Vermont, as listed on Schedule A.[1] Plaintiff in the District of Vermont action opposes centralization, as do all responding defendants.[2]

---

* Judge Heyburn took no part in the disposition of this matter.

1. The Panel has been notified of ten additional related actions.

2. Actavis, Inc.; Actavis–Elizabeth, L.L.C.; Barr Pharmaceuticals, Inc.; Baxter Health-

care Corp.; Duramed Pharmaceuticals, Inc.; Pliva, Inc.; Pliva USA, Inc.; Schwarz Pharma, Inc.; Teva Pharmaceuticals USA, Inc.; and Wyeth.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. The eleven actions at issue do share factual issues as to whether the drug metoclopramide causes neurological injuries (principally, tardive dyskinesia). But there is no single common defendant, and some entities, such as Baxter Healthcare Corp., are named in only one or two actions. Moreover, several of the actions appear to be substantially advanced (five were commenced in either 2006 or 2007). Metoclopramide litigation has a lengthy history, and the record indicates that a significant amount of the common discovery has already taken place. The proponents of centralization have failed to convince us that any remaining common questions of fact among these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Alternatives to transfer exist that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings.[3] *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these eleven actions is denied.

**SCHEDULE A**

MDL No. 2049 — **IN RE: REGLAN/METOCLOPRAMIDE PRODUCTS LIABILITY LITIGATION**

*Western District of Arkansas*
*Bettye Fields v. Wyeth, Inc.,* et al., C.A. No. 2:08–2079

*Central District of California*
*Patrick J. Proulx, et al. v. Wyeth, Inc.,* et al., C.A. No. 5:08–613

*Northern District of Georgia*
*Susan Swicegood v. Pliva, Inc.,* et al., C.A. No. 1:07–1671

*District of Nevada*
*Mary Karen Moretti v. Wyeth, Inc.,* et al., C.A. No. 2:08–396

*Eastern District of North Carolina*
*Gary Joseph Stoddard, et al. v. Pliva USA, Inc.,* et al., C.A. No. 4:08–173

*Western District of Oklahoma*
*Susan Schrock, et al. v. Wyeth, Inc.,* et al., C.A. No. 5:08–453

*District of South Carolina*
*William R. Fisher, et al. v. Mark F. Pelstring, M.D.,* et al., C.A. No. 4:09–252

*Eastern District of Tennessee*
*James Carden, et al. v. Wyeth, Inc.,* et al., C.A. No. 3:08–346

*Northern District of Texas*
*Wanda Ruth Cousins v. Wyeth Pharmaceutical, Inc.,* et al., C.A. No. 3:08–310

**3.** We note that most of the plaintiffs currently involved in this litigation have common counsel.

*Martha Pustejovsky v. Wyeth, Inc., et al.,* C.A. No. 4:07–103

*District of Vermont*

*Ethel Kellogg v. Wyeth,* et al., C.A. No. 2:07–82